[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11364
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03155-WSD


WILLIAM JOHNSON,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
and Certain Agents for Such,
CITY OF KENNESAW,
and certain agents for such,
CITY OF HIRAM,
and certain agents for such,
CITY OF NEWNAN,
and certain agents for such,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 9, 2016)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff William Johnson, proceeding pro se, appeals the district court's dismissal of his claims against the City of Kennesaw, the City of Hiram, and the City of Newnan, Georgia (collectively, "City Defendants"), in Plaintiff's civil action under 42 U.S.C. §§ 1983 and 1985(3).  No reversible error has been shown; we affirm.[1]

Plaintiff filed a 135-page complaint against the State of Georgia and the City Defendants, purporting to allege violations of Plaintiff's civil rights and common law tort claims arising from Plaintiff's three arrests and the resulting revocation of Plaintiff's probation.  The district court dismissed Plaintiff's claims against Georgia as barred by the doctrine of sovereign immunity.[2]  The district court also granted the City Defendants' motion for a more definite statement -- ordering

---

[1] Plaintiff has filed a petition for an initial hearing en banc, pursuant to Federal Rule of Appellate Procedure 35.  No Judge in regular active service on this Court has requested that the Court be polled about en banc consideration.  Plaintiff's petition for hearing en banc is DENIED.

[2] On appeal, Plaintiff raises no challenge to the district court's dismissal of his claims against Georgia on sovereign immunity grounds; that claim is abandoned.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  Moreover, because the district court dismissed properly Plaintiff's claims against Georgia as barred by the Eleventh Amendment, we will not consider Plaintiff's arguments on appeal about Georgia's alleged due process violations.  For background, see Pennhurst State Sch. & Hosp. v. Halderman, 104 S. Ct. 900 (1984).

Plaintiff to file an amended complaint, setting forth "in a short and plain manner, the facts showing he is entitled to relief against City Defendants."

Although untimely, Plaintiff ultimately filed a 73-page first amended complaint; it was similar in form and in content to Plaintiff's initial complaint. The City Defendants moved to dismiss Plaintiff's first amended complaint as an impermissible shotgun pleading.

By a thorough written opinion, the district court dismissed with prejudice Plaintiff's first amended complaint. The district court described Plaintiff's first amended complaint, which consisted of "long, rambling" paragraphs, as a "classic shotgun pleading." The district court concluded that dismissal was warranted because Plaintiff had been given ample opportunity to cure the deficiencies in his original complaint and still failed to comply with federal pleading requirements.[3]

The district court also denied Plaintiff's motion for injunctive relief. The court concluded that, to the extent Plaintiff sought release from the Spalding County Jail, Plaintiff was required to file a petition for habeas relief. And, to the extent Plaintiff sought a writ of mandamus compelling the Spalding County Trial Court to hold a bail hearing or to otherwise grant Plaintiff unrestricted access to the

---

[3] Although Plaintiff filed a 105-page "More Definitive Statement of Plaintiff's Complaint," which the district court construed as a second amended complaint, the district court refused to consider it because Plaintiff failed to obtain the court's permission to file a second amended complaint. The district court noted also that Plaintiff's proposed second amended complaint constituted another shotgun pleading and, thus -- had Plaintiff sought leave to amend -- the district court would have denied Plaintiff's request as futile.

courts and to his legal files, the district court lacked authority to issue a writ of mandamus against non-federal actors.

We review de novo a district court's order dismissing a complaint with prejudice, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). Although we construe liberally pro se pleadings, pro se litigants must still conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

To comply with federal pleading standards, Plaintiff is required to, among other things, provide "a short and plain statement" of his claims showing that he is entitled to relief. See Fed. R. Civ. P. 8(a)(2). Plaintiff is also required to present each of his claims in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b).

A complaint that fails to comply with Rules 8 and 10 may be classified as a "shotgun pleading." See Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir. 2001). When faced with a shotgun pleading, a district court must order a litigant to replead for a more definite statement of the claim. Id. at 1133. When the amended complaint still fails to cure the deficiency, the complaint may be subject to dismissal. See id.

4

As an initial matter, to the extent Plaintiff raises arguments about his federal and state habeas proceedings or about his child custody proceedings, those issues were not part of the underlying complaint and, thus, are outside the scope of this appeal.[4]  In addition, because Plaintiff's complaint was dismissed as a shotgun pleading, we consider only whether Plaintiff's first amended complaint satisfied the federal pleading requirements.  Thus, we will not consider Plaintiff's substantive arguments about the constitutionality of his arrests, the force used during his arrests, his guilty plea, or the revocation of his probation.

Here, the district court described Plaintiff's initial complaint as "rambling and unfocused" and "composed mainly of conclusory statements."  The district court was correct to grant the City Defendants' unopposed motion for a more definite statement and to order Plaintiff to file an amended complaint.  See id.

Despite the court's instructions, however, Plaintiff's first amended complaint still failed to provide a "short and plain statement" of his claims showing that Plaintiff was entitled to relief.

Instead, Plaintiff's first amended complaint (like Plaintiff's original complaint) was composed of long, rambling paragraphs and conclusory statements unsupported by factual allegations.  Given that each count of Plaintiff's first

---

[4] On appeal, Plaintiff raises no challenge to the district court's denial of Plaintiff's motions to amend his complaint to add new claims against new defendants in connection with Plaintiff's child custody proceedings.

amended complaint incorporated by reference the allegations of the proceeding counts, the district court characterized it accurately as a "classic shotgun pleading." See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."). In the light of Plaintiff's continued failure to comply with federal pleading requirements, the district court committed no error in dismissing with prejudice Plaintiff's first amended complaint.

The district court also committed no error in denying Plaintiff's motion for injunctive relief. The district court concluded correctly that it lacked jurisdiction to issue a writ of mandamus to direct the Spalding County Trial Court in the performance of the state court's duties. See, e.g., Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties."). And, to the extent Plaintiff sought release from the Spalding County Jail, the district court concluded properly that Plaintiff's "sole federal remedy [was] a writ of habeas corpus." See Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973).

AFFIRMED.

6